ON MOTION TO DISMISS
PER CURIAM.
On November 9,1979, our court issued its opinion in Cling Electric, Inc. v. Jones, 376 *1376 So.2d 481 (Fla. 1st DCA 1979). The opinion affirmed the deputy commissioner’s order, except as to certain periods of temporary total disability, and remanded the case for further proceedings consistent with the opinion. On January 23, 1980, the deputy commissioner entered an order conforming his earlier order to the opinion of our court and denying a claim for penalties. The claimant, Jones, appealed from that order on February 8, 1980 (Case No. TT-464).
Thereafter, a dispute apparently arose concerning what items should be included in the record on appeal in Case No. TT-464. On March 10, the deputy entered an order specifying what the record on appeal should include. The employer/carrier (Cling) takes this appeal from that order.
On April 15, the deputy certified that Cling had failed to make the cost deposit for the record on appeal. Based on the certification, Jones moves to dismiss the appeal.
Although Cling’s failure to make the cost deposit provides sufficient reason to dismiss this appeal, there is a more compelling reason. Questions concerning the record on appeal should be raised by motion in the case appealed. Rule 20(a), Fla. W.C. R.P., states:
“Before the record is transmitted, the deputy shall have concurrent jurisdiction with the District Court to enter orders on any procedural matter relating to the cause, subject to the control of the District Court on its motion or that of a party.” (e. s.)
The instant case shows the wisdom of providing for review of procedural orders by motion. This appeal has as its only issue the propriety of the record on appeal in another appeal. Conceivably, there could be a dispute over the record on appeal in this case, which could result in still another appeal, in which there could be a dispute over the record, and so on ad infinitum.
We would treat this appeal as a motion to review the deputy’s order if we could determine from the various motions and responses filed in this case Cling’s objection to the record as specified.
Cling seems to argue that the record on appeal must always contain the items specified in Rule 18(a) or there must be a stipulated statement as provided by Rule 18(c). This argument, of course, overlooks Rule 18(b) which permits appellant to file an abbreviated record.
Under Rule 18(b) the appellant informs the deputy of the material that is to be omitted from the record as unnecessary for a determination of the issues on appeal. The appellant serves appellee(s) with a copy of the designation and a statement of the issues on appeal. If an appellee believes that any of the omitted items are necessary to determine the issues raised by appellant, the appellee files a cross-designation specifying those items.
The purpose of Rule 18(b) is to limit the record on appeal to those items that must necessarily be included in the record for the appellate court to determine the issues raised. The rule permits all parties to specify the items they think should be included in the record; however, the designated items must be necessary.
In this case Cling has not mentioned in any of its motions or responses any item that has been omitted from the record that is necessary to determine the issue raised in Case No. TT-464. Therefore, we decline to treat this appeal as a motion filed in Case No. TT-464.
Appellee’s motion to dismiss is granted for the previously stated reasons, and this appeal is hereby DISMISSED.
ROBERT P. SMITH, Jr., ERVIN and WENTWORTH, JJ., concur.